UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| LAUREN STRATOS,<br><br>    *Plaintiff,*<br><br>v.<br><br>SHARKNINJA OPERATING LLC,<br><br>    *Defendant.* | Case No.: 1:25-cv-13461 |

## SHARKNINJA OPERATING LLC'S NOTICE OF REMOVAL

Defendant SharkNinja Operating LLC ("SharkNinja") hereby removes the Massachusetts State Court action entitled *Lauren Stratos v. SharkNinja Operating LLC*, Essex Superior Court, Civil Action No. 2577CV01101A, to the United States District Court for the District of Massachusetts, Eastern Division, based on diversity jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446.

On or around October 7, 2025, Plaintiff Lauren Stratos ("Plaintiff") filed this action in the Massachusetts Superior Court, Essex County, bearing civil action number 2577CV01101A. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders are attached as **Exhibit A** and incorporated by reference. Plaintiff's Complaint alleges negligence and breach of warranty claims arising from personal injuries caused by Plaintiff's use of Defendant's product.

## GROUNDS FOR REMOVAL – DIVERSITY JURISDICTION

The grounds for removal based on diversity jurisdiction are met—this Court has original jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because (1) there is complete diversity

of citizenship between Plaintiff and Defendant; and (2) the amount in controversy exceeds the sum of $ 75,000, exclusive of interest and costs.

Concerning the complete-diversity requirement, Plaintiff Lauren Stratos is a citizen of Massachusetts. **Ex. A**, Complaint ¶ 6. SharkNinja is a citizen or subject of the United Kingdom. *See* SharkNinja's Corporate Disclosure Statement (filed contemporaneously with this Notice). When evaluating citizenship for diversity jurisdiction purposes, a court determines the citizenship of a non-corporate legal entity by tracing the citizenship of its members—the inquiry must continue until only natural persons or corporations remain. *See Scudder Ave. LLC v. Plunkett*, CA No. 1:24-cv-12406-IT, 2025 WL 863104, at *8 (D. Mass. Mar. 19, 2025) (citing *Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marine, Inc.*, 435 F.3d 51, 54 (1st Cir. 2006) ("The citizenship of a limited liability company ('LLC') 'is determined by the citizenship of all its members.'"); *BRT Mgmt. LLC v. Malden Storage LLC*, 68 F.4th 691, 696 (1st Cir. 2023) (citations omitted) ("It is clear in this circuit that an LLC is subject to this rule and takes the citizenship of all of its members […] [i]f the members are themselves unincorporated associations, then those members' citizenships are relevant too; the process is 'iterative,' and a party must 'trace the citizenship of any member that is an unincorporated association through however many layers of members or partners there may be.'").

SharkNinja Operating LLC's sole member is SharkNinja Midco LLC. SharkNinja Midco LLC's sole member is SharkNinja Appliance LLC. SharkNinja Appliance LLC's sole member is SharkNinja Appliance UK Holdco Limited, a private limited company organized under the laws of England and Wales with its principal place of business in Leeds, England. SharkNinja Appliance UK Holdco Limited is wholly owned by SharkNinja Global SPV, Ltd., an exempted company incorporated in the Cayman Islands, which is wholly owned by SharkNinja, Inc., a

publicly held exempted company incorporated in the Cayman Islands. No publicly held company owns more than 10 percent of SharkNinja, Inc.

Federal courts treat United Kingdom private limited companies as corporations for purposes of diversity jurisdiction. *See Banks v. Saba*, CA No. 21-10746-FDS, 2021 WL 4342098, at *9 (D. Mass. Sept. 23, 2021) (quoting *SHLD, LLC v. Hall*, No. 15 Civ. 6225(LLS), 2015 WL 5772261, at *2 (S.D.N.Y. Sept. 29, 2015)) ("At least one federal court has determined that 'UK private limited companies are treated as corporations for the purposes of diversity subject-matter jurisdiction.'"); *210 Brands Inc. v. Canterbury of New Zealand Ltd.*, No. 2:20-cv-06853-JWH-ASx, 2020 WL 7773892, at *4 (C.D. Cal. Dec. 29, 2020) (citation and quotation omitted) (recognizing that "UK private limited companies are treated as corporations for the purposes of diversity subject-matter jurisdiction.").[1] Accordingly, SharkNinja Operating LLC is a citizen or subject of the United Kingdom, as its ultimate member is SharkNinja Appliance UK Holdco Limited, a private limited company organized under the laws of England and Wales with its principal place of business in Leeds, England.

The $75,000.00 amount-in-controversy requirement is satisfied under 28 U.S.C. § 1446(b)(3),[2] as Plaintiff transmitted a settlement demand to SharkNinja exceeding the jurisdictional threshold on or around March 11, 2025. *See Carrozza v. CVS Pharmacy, Inc.*, 992

---

[1] The Court in *Red Badge Inv. LTD. v. Am. Well Corp.*, 2025 WL 524029, at *1 (D. Mass. Feb. 18, 2025) found that "[t]he First Circuit has not addressed whether a "limited company" organized under the laws of the BVI should be treated as a corporation or a non-corporate entity. But other federal courts have concluded that "limited companies" organized under the laws of British Overseas Territories, such as the BVI, should be treated as corporations for diversity purposes. *See Superl Sequoia Ltd. v. Carlson Co., Inc.*, 615 F.3d 831, 832 (7th Cir. 2010) (treating Hong Kong "limited company" as a corporation because it was "'limited by shares,' a status in the Commonwealth of Nations that we have held is equivalent to a corporation in the United States"); *cf. JPMorgan Chase Bank v. Traffic Stream (BVI) Infrastructure Ltd.*, 536 U.S. 88, 100 (2002) (finding that respondent "corporation," a limited company organized under the laws of the BVI, was a citizen of the United Kingdom)." The Court held that the BVI limited company was a foreign corporation for purposes of diversity jurisdiction. *Id.*

[2] "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of […] other paper from which it may first be ascertained that the case is one which is or has become removable."

F.3d 44, 51 (1st Cir. 2021) (holding that a pre-suit demand letter was appropriate to demonstrate amount in controversy for purposes of diversity jurisdiction); *Toro v. CSX Intermodal Terminals, Inc.*, 199 F. Supp. 3d 320, 323 (D. Mass. 2016) (citing *Romulus v. CVS Pharmacy, Inc.*, 770 F.3d 67, 78 (1st Cir. 2014)) (acknowledging that a settlement demand may qualify as "other paper" under 28 U.S.C. § 1446(b)(3) from which removability can be ascertained).

**IX. DEMAND**

| Settlement Demand: | $235,000.00 in exchange for a full, final and complete release in this matter. |

**PROCEDURAL REQUIREMENTS FOR REMOVAL**

The procedural requirements for removal are satisfied. This Court is the proper venue for an action removed from the Massachusetts Superior Court for Essex County pursuant to 28 U.S.C. §§ 101, 1441(a), and Local Rule 81.1. This Notice of Removal is timely because it was filed within 30 days of October 21, 2025, the date on which SharkNinja accepted service of Plaintiff's Complaint, as required by 28 U.S.C. § 1446(b). After filing this Notice of Removal, Defendant will promptly give written notice thereof to Plaintiff and shall file a copy of the Notice of Removal with the clerk of the Massachusetts Superior Court for Essex County, pursuant to 28 U.S.C. § 1446(d) and the Local Rules of this Court.

Accordingly, removal is proper under 18 U.S.C. §§ 1332, 1441, and 1446.

Dated:  November 19, 2025

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

<u>/s/ Emyr T. Remy</u>
Emyr T. Remy, (BBO# 704156)
One Federal Street, Suite 2620
Boston, MA 02110
(617) 531-1411
remy@shb.com

***Attorneys for Defendant***
***SharkNinja Operating LLC***

## CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2025, a true and correct copy of the foregoing document was filed through the Court's CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and was also emailed to all counsel of record in the previously pending state court action.

<u>/s/ Emyr T. Remy</u>
Emyr T. Remy