# **EXHIBIT A**

COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.                                              SUPERIOR COURT

LAUREN STRATOS,                    )
                                   )
            Plaintiff,             )
                                   )
v.                                 )            CIVIL ACTION
                                   )            NO. 25770CV01101A
SHARKNINJA OPERATING, LLC,         )
                                   )
            Defendant.             )
_____)

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, **LAUREN STRATOS** ("Plaintiff"), by and through her undersigned counsel,

**JOHNSON BECKER, PLLC** and **MEEHAN, BOYLE, BLACK & BOGANOW, P.C.**, hereby

submits the following Complaint and Demand for Jury Trial against Defendant **SHARKNINJA**

**OPERATING, LLC** ("SharkNinja" or "Defendant"), and alleges the following upon personal

knowledge and belief, and investigation of counsel:

## NATURE OF THE CASE

1.      This is a product liability action seeking recovery for substantial personal injuries and

damages suffered by Plaintiff after Plaintiff was seriously injured by a "BL621 Series Nutri Ninja

Blender System."

2.      Defendant, SharkNinja Operating, LLC, manufactures, markets, imports, distributes and

sells a wide-range of consumer products, including the subject "BL621 Series Nutri Ninja Blender

System," which specifically includes the Model BL621 30 (hereafter referred to as "subject

blender" or "Ninja blender(s)") that is at issue in this case.

3.    On or about October 14, 2022, Plaintiff suffered serious and substantial laceration injuries as the direct and proximate result of the Ninja blender's blade assembly detaching from the blade base during the normal, intended use of the Ninja blender.

4.    The Ninja blenders are defectively designed and manufactured in that the unit's stacked blade assembly does not lock into place and is not secured to the gear shaft. When used in its normal and intended manner by consumers, the blade assembly can fall out of the pitcher, putting the user at risk of sustaining severe lacerations and injuries requiring medical attention. The Ninja blenders pose a safety risk to consumers and to other individuals who may be in close proximity to the Ninja blenders while they are in use.

5.    As a direct and proximate result of Defendant's conduct, the Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, wage loss, physical pain, mental anguish, and diminished enjoyment of life.

## PARTIES

6.    Plaintiff, Lauren Stratos, is a resident of the City of Newburyport, County of Essex, Commonwealth of Massachusetts, and remains domiciled in the same.

7.    Defendant, SharkNinja Operating, LLC, is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Massachusetts. SharkNinja's sole member is EP Midco LLC, a Massachusetts limited liability company created and organized under the laws of the State of Delaware with its principal place of business in Needham, Massachusetts. EP Midco LLC's sole member is Global Appliance, LLC, a Delaware limited liability company with its principal place of business in Massachusetts, whose sole member is Global Appliance UK Holdco Ltd. Global Appliance UK Holdco Ltd. is a private limited company organized under the laws of England and Wales with its principal place of business in Leeds,

2

England. Global Appliance UK Holdco Limited is wholly owned by SharkNinja Global SPV, Ltd., an exempted company incorporated in the Cayman Islands, which is wholly owned by SharkNinja, Inc., a publicly held exempted company incorporated in the Cayman Islands. No publicly held company owns more than 10% of SharkNinja, Defendant is therefore a citizen of the United Kingdom, England, Massachusetts and Delaware.

## JURISDICTION AND VENUE

8.     This Court has jurisdiction over the subject matter of this action pursuant to M.G.L.A. c. 212, §4. Jurisdiction is further proper because the Plaintiff is seeking damages in excess of fifty thousand dollars ($50,000.00). *See* M.G.L.A. c. 212, § 3; MA R. S.Ct. in re Amount-in-Controversy.

9.     This Court has personal jurisdiction over Defendant pursuant to M.G.L.A. c. 223A, §§ 2, 3(a),(c).

10.    Venue is proper in Essex County pursuant to M.G.L.A. c. 223, § 8(4).

## FACTUAL BACKGROUND

11.    Defendant SharkNinja is engaged in the business of designing, manufacturing, warranting, marketing, importing, distributing and selling the blenders at issue in this litigation.

12.    Ninja blenders, including the Ninja blender that injured Plaintiff, essentially have three main components: a base unit which contains a high-speed motor and a gear shaft ("motor base"); a pitcher, which locks onto the motor base; and a stacked blade assembly with six sharp blades which is dropped onto the gear shaft ("blade assembly").

13.    To assemble the unit, the user first aligns and lowers the pitcher onto the motor base, then rotates the pitcher clockwise until the pitcher locks into place. Next, the user takes the blade

3

assembly and places it onto the gear shaft. Once the user has added the desired ingredients, the lid is placed on top of the pitcher and locked into place.



*See* Ninja BL621 Series Owner's Guide, p. 11

14.     Unlike the pitcher and the pitcher lid, the blade assembly does not lock into place, and is not otherwise secured to the gear shaft. Instead, the blade assembly sits "loosely on the drive gear."[1]

15.     As a result, if the user pours the pitcher after removing the lid, or if the lid falls off the pitcher during pouring, the loose blade assembly can easily fall out of the pitcher and onto consumers, resulting in physical injuries such as severe lacerations.

16.     SharkNinja became aware of this defect as early as November 12, 2015, when, in conjunction with the Consumer Product Safety Commission (CPSC), it recalled roughly 1.1 million of its Ninja BL 660 series blenders for this exact defect.[2]

---

[1] *See* Ninja BL621 Series Owner's Guide, p. 11. A copy of the Owner's Guide is attached hereto as "Exhibit A".

[2] *See* the CPSC Recall Notice from November 12, 2015

(https://www.cpsc.gov/Recalls/2016/Laceration-Injuries-Prompt-SharkNinja-to-Recall-Ninja-BL660-Blenders), a copy of which is attached hereto as "Exhibit B".

17.     According to the CPSC, the firm received 53 reports of lacerations caused by the stacked blade assembly falling out of the pitcher when consumers poured or inverted the pitcher after removing the lid with the blade assembly still inside.[3]

18.     Despite its knowledge of these defects, SharkNinja has continued to sell and design blenders with loose, unsecured blade assemblies, including blenders like the BL621 30 blender involved in this case.

19.     The Ninja blenders have been designed, manufactured, packaged and sold in such a condition that consumers cannot safely use them in the intended manner without risk of physical injury.

20.     By reason of the foregoing acts or omissions, the above-named Plaintiff purchased the Ninja blender with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of blending.

21.     Plaintiff used her Ninja blender for its intended purpose of preparing food and drinks for herself and/or her family and did so in a manner that was reasonable and foreseeable by Defendant.

22.     However, the aforementioned Ninja blender was defectively designed and manufactured by Defendant in that its loose, unsecured blade assembly is able to fall out of the pitcher during the normal, intended use of the Ninja blender, putting consumers, such as Plaintiff, at risk of lacerations and other physical injuries.

23.     Defendant's Ninja blenders possess defects that make them unreasonably dangerous for their intended use by consumers because the stacked blade assembly does not lock into place and is not otherwise secured to the gear shaft.

---

[3] *Id.*

24.     Economic, safer alternative designs were available that could have prevented the Ninja blender's blade assembly from easily falling out of the pitcher when it is poured or inverted. Examples of such designs include, but are not limited to, securing or affixing the blade assembly to the gear shaft or designing a blade assembly that locks into place.

25.     As a direct and proximate result of Defendant's intentional concealment of such defects, its failure to remove a product with such defects from the stream of commerce, and its negligent design of such products, Plaintiff used an unreasonably dangerous blender, which resulted in significant and painful bodily injuries.

26.     Consequently, the Plaintiff in this case seeks damages resulting from the use of Defendant's blender as described above, which has caused the Plaintiff to suffer from serious bodily injuries, medical expenses, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## CLAIMS FOR RELIEF

### COUNT I
### NEGLIGENCE

27.     Plaintiff incorporates by reference the foregoing paragraphs 1-26 of her Complaint.

28.     At all times material hereto, Defendant was engaged in the business of designing, manufacturing, warranting, marketing, importing, distributing, and selling the blenders at issue in this litigation.

29.     Defendant had a duty of reasonable care to design, manufacture, package, market, and sell non-defective blenders that are reasonably safe for their intended use by consumers, such as Plaintiff and her family.

30.     Defendant failed to exercise ordinary care in the manufacture, sale, packaging, quality assurance, quality control, distribution, advertising, promotion, sale and marketing of its blenders

6

in that Defendant knew or should have known that said blenders created a high risk of unreasonable harm to the Plaintiff and consumers alike.

31.     Defendants were negligent in the design, packaging, manufacture, advertising, marketing and sale of the Ninja blenders in that, among other things, they:

    a.  Designed, tested, manufactured, packaged, advertised, marketed, and sold the Ninja blenders, including the subject Ninja blender, in a defective, unreasonably dangerous condition for consumers, due to their propensity to cause the laceration injuries described herein;

    b.  Designed, tested, manufactured, packaged, advertised, marketed, and sold the Ninja blenders, including the subject Ninja blender, in a condition wherein they did not conform to their intended design or specifications;

    c.  Designed, tested, manufactured, packaged, advertised, marketed, and sold the Ninja blenders, including the subject Ninja blender, in a condition wherein they were not suitable for their intended purposes of blending; and

    d.  In such other particulars as the evidence may show.

32.     Defendant knew or should have known about the defective nature of its blenders, yet failed to disclose this knowledge to thousands of consumers, including Plaintiff, which ultimately resulted in her injuries.

      **WHEREFORE**, Plaintiff, Lauren Stratos, demands judgment against Defendant, SharkNinja Operating, LLC, for damages, together with interest and all such other relief as the Court deems proper. Plaintiff reserves the right to amend this Complaint to include a claim for punitive damages according to proof.

### COUNT II
### BREACH OF IMPLIED WARRANTY
### OF FITNESS FOR A PARTICULAR PURPOSE

33.     Plaintiff incorporates by reference the foregoing paragraphs 1-32 of her Complaint.

34.     Defendant manufactured, supplied, and sold its Ninja blenders with an implied warranty that they were fit for the particular purpose of blending quickly, efficiently and safely.

35.    Members of the consuming public, including consumers such as the Plaintiff, were the intended third-party beneficiaries of the warranty.

36.    Defendant's Ninja blenders were not fit for the particular purpose as a safe means of blending, due to the unreasonable risks of bodily injury associated with their use.

37.    The Plaintiff in this case reasonably relied on Defendant's representations that its Ninja blenders were a quick, effective and safe means of blending.

38.    Defendant's breach of the implied warranty of fitness for a particular purpose was the direct and proximate cause of Plaintiff's injuries and damages.

    **WHEREFORE**, Plaintiff, Lauren Stratos, demands judgment against Defendant, SharkNinja Operating, LLC, for damages, together with interest and all such other relief as the Court deems proper. Plaintiff reserves the right to amend this Complaint to include a claim for punitive damages according to proof.

**COUNT III**
**BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**

39.    Plaintiff incorporates by reference the foregoing paragraphs 1-38 of her Complaint

40.    At the time Defendant marketed, distributed and sold its Ninja blenders to the Plaintiff in this case, Defendant warranted that its Ninja blenders were merchantable and fit for the ordinary purposes for which they were intended.

41.    Members of the consuming public, including consumers such as the Plaintiff, were intended third-party beneficiaries of the warranty.

42.    Defendant's Ninja blenders were not merchantable and fit for its ordinary purpose, because they had the propensity to lead to the serious personal injuries as described herein in this Complaint.

43.    Plaintiff purchased her Ninja blender with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of blending.

44.    Defendant's breach of implied warranty of merchantability was the direct and proximate cause of Plaintiff's injury and damages.

**WHEREFORE**, Plaintiff, Lauren Stratos, demands judgment against Defendant, SharkNinja Operating, LLC, for damages, together with interest and all such other relief as the Court deems proper. Plaintiff reserves the right to amend this Complaint to include a claim for punitive damages according to proof.

### INJURIES & DAMAGES

45.    As a direct and proximate result of Defendant's negligence and wrongful misconduct as described herein, Plaintiff has suffered and will continue to suffer physical and emotional injuries and damages including past, present, and future physical and emotional pain and suffering as a result of the incident. Plaintiff is entitled to recover damages from Defendant for these injuries in an amount which shall be proven at trial.

46.    As a direct and proximate result of Defendant's negligence and wrongful misconduct, as set forth herein, Plaintiff has incurred and will continue to incur the loss of full enjoyment of life and disfigurement as a result of the incident. Plaintiff is entitled to recover damages for loss of the full enjoyment of life and disfigurement from Defendant in an amount to be proven at trial.

47.    As a direct and proximate cause of Defendant's negligence and wrongful misconduct, as set forth herein, Plaintiff has and will continue to incur expenses for medical care and treatment, as well as other expenses, as a result of the laceration injuries she suffered as a result of the incident.

9

Plaintiff is entitled to recover damages from Defendant for his past, present and future medical and other expenses in an amount which shall be proven at trial.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgment against the Defendant as follows:

a.  That Plaintiff has a trial by jury on all of the claims and issues;

b.  That judgment be entered in favor of the Plaintiff and against Defendant on all of the aforementioned claims and issues;

c.  That Plaintiff recover all damages against Defendant, general damages and special damages, including economic and non-economic, to compensate the Plaintiff for her injuries and suffering sustained because of the use of the Defendant's defective blender;

d.  That prejudgment interest be awarded according to proof; and

e.  That this Court awards any other relief that it may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

The Plaintiff,

By Her Attorneys,

**MEEHAN, BOYLE, BLACK & BOGANOW, P.C.**

Robert F. Foster, Esq.; BBO No. 697532
rfoster@meehanboyle.com
100 Cambridge Street, Suite 2101
Boston, MA, 02114
(617) 523-8300

DATED:      October 7, 2025

| CIVIL ACTION COVER SHEET    DOCKET NUMBER 2577CV0 1101A | Massachusetts Trial Court 2 Superior Court |
|---|---|
| | COUNTY Essex Superior Court |

| Plaintiff     LAUREN STRATOS | Defendant:     SHARKNINJA OPERATING, LLC |
|---|---|
| ADDRESS:     7 Hancock Street | ADDRESS:     89 A Street |
| Newburyport, MA 02125 | Needham, MA 02494 |

| Plaintiff Attorney:     Robert F. Foster, Esq. | Defendant Attorney: |
|---|---|
| ADDRESS:     MEEHAN, BOYLE, BLACK & BOGANOW, P.C. | ADDRESS: |
| 100 Cambridge Street, Suite 2101 | |
| Boston, MA 02114 | |
| BBO:     697532 | BBO: |

## TYPE OF ACTION AND TRACK DESIGNATION (see instructions section on next page)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B05 | Products Liability | A | ☒ YES   ☐ NO |

*If "Other" please describe: _____

Is there a claim under G.L. c. 93A?    ☐ YES   ☒ NO          Is there a class action under Mass. R. Civ. P. 23?   ☐ YES   ☒ NO

### STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. (Note to plaintiff: for this form, do not state double or treble damages; indicate single damages only.)

**TORT CLAIMS**

A. Documented medical expenses to date

|  |  |
|---|---|
| 1. Total hospital expenses | $10,241.42 |
| 2. Total doctor expenses | $2,381.00 |
| 3. Total chiropractic expenses | |
| 4. Total physical therapy expenses | $4,641.00 |
| 5. Total other expenses (describe below) | |
| Subtotal (1-5): | $17,263.42 |

| B. Documented lost wages and compensation to date | |
|---|---|
| C. Documented property damages to date | |
| D. Reasonably anticipated future medical and hospital expenses | |
| E. Reasonably anticipated lost wages | |
| F. Other documented items of damages (describe below) | |
| TOTAL (A-F): | $17,263.42 |

G. Briefly describe plaintiff's injury, including the nature and extent of the injury:

Laceration to plaintiff's left thumb with a complete severance of the left EPL tendon, requiring surgical intervention and physical therapy. Plaintiff has permanent scarring, as well continued limited range of motion and reduced strength in her left hand

**CONTRACT CLAIMS**

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

Signature of Attorney/Self-Represented Plaintiff: X _____    Date: October 7, 2025

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION UNDER S.J.C. RULE 1:18(5)

I hereby certify that I have complied with requirements of Rule 5 of Supreme Judicial Court Rule 1:18: Uniform Rules on Dispute Resolution, requiring that I inform my clients about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney: X _____    Date: October 7, 2025

# CIVIL ACTION COVER SHEET INSTRUCTIONS —
## SELECT A CATEGORY THAT BEST DESCRIBES YOUR CASE*

### AC Actions Involving the State/Municipality†*

| | |
|---|---|
| AA1 Contract Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AB1 Tortious Action Involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AC1 Real Property Action involving Commonwealth, Municipality, MBTA etc. | (A) |
| AD1 Equity Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AE1 Administrative Action involving Commonwealth, Municipality, MBTA,etc. | (A) |

### CN Contract/Business Cases

| | |
|---|---|
| A01 Services, Labor, and Materials | (F) |
| A02 Goods Sold and Delivered | (F) |
| A03 Commercial Paper | (F) |
| A04 Employment Contract | (F) |
| A05 Consumer Revolving Credit - M.R.C.P. 8.1 | (F) |
| A06 Insurance Contract | (F) |
| A08 Sale or Lease of Real Estate | (F) |
| A12 Construction Dispute | (A) |
| A14 Interpleader | (F) |
| BA1 Governance, Conduct, Internal Affairs of Entities | (A) |
| BA3 Liability of Shareholders, Directors, Officers, Partners, etc. | (A) |
| BB1 Shareholder Derivative | (A) |
| BB2 Securities Transactions | (A) |
| BC1 Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. | (A) |
| BD1 Intellectual Property | (A) |
| BD2 Proprietary Information or Trade Secrets | (A) |
| BG1 Financial Institutions/Funds | (A) |
| BH1 Violation of Antitrust or Trade Regulation Laws | (A) |
| A99 Other Contract/Business Action - Specify | (F) |

* See Superior Court Standing Order 1-88 for an explanation of the tracking deadlines for each track designation: F, A, and X. On this page, the track designation for each case type is noted in parentheses.

†* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

‡ Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

### ER Equitable Remedies

| | |
|---|---|
| D01 Specific Performance of a Contract | (A) |
| D02 Reach and Apply | (F) |
| D03 Injunction | (F) |
| D04 Reform/ Cancel Instrument | (F) |
| D05 Equitable Replevin | (F) |
| D06 Contribution or Indemnification | (F) |
| D07 Imposition of a Trust | (A) |
| D08 Minority Shareholder's Suit | (A) |
| D09 Interference in Contractual Relationship | (F) |
| D10 Accounting | (A) |
| D11 Enforcement of Restrictive Covenant | (F) |
| D12 Dissolution of a Partnership | (F) |
| D13 Declaratory Judgment, G.L. c. 231A | (A) |
| D14 Dissolution of a Corporation | (F) |
| D99 Other Equity Action | (F) |

### PA Civil Actions Involving Incarcerated Party ‡

| | |
|---|---|
| PA1 Contract Action Involving an Incarcerated Party | (A) |
| PB1 Tortious Action Involving an Incarcerated Party | (A) |
| PC1 Real Property Action involving an Incarcerated Party | (F) |
| PD1 Equity Action involving an Incarcerated Party | (F) |
| PE1 Administrative Action involving an Incarcerated Party | (F) |

### TR Torts

| | |
|---|---|
| B03 Motor Vehicle Negligence - Personal Injury/Property Damage | (F) |
| B04 Other Negligence - Personal Injury/Property Damage | (F) |
| B05 Products Liability | (A) |
| B06 Malpractice - Medical | (A) |
| B07 Malpractice - Other | (A) |
| B08 Wrongful Death - Non-medical | (A) |
| B15 Defamation | (A) |
| B19 Asbestos | (A) |
| B20 Personal Injury - Slip & Fall | (F) |
| B21 Environmental | (F) |
| B22 Employment Discrimination | (F) |
| BE1 Fraud, Business Torts, etc. | (A) |
| B99 Other Tortious Action | (F) |

### RP Summary Process (Real Property)

| | |
|---|---|
| S01 Summary Process - Residential | (X) |
| S02 Summary Process - Commercial/ Non-residential | (F) |

### RP Real Property

| | |
|---|---|
| C01 Land Taking | (F) |
| C02 Zoning Appeal, G.L. c. 40A | (F) |
| C03 Dispute Concerning Title | (F) |
| C04 Foreclosure of a Mortgage | (X) |
| C05 Condominium Lien & Charges | (X) |
| C99 Other Real Property Action | (F) |

### MC Miscellaneous Civil Actions

| | |
|---|---|
| E18 Foreign Discovery Proceeding | (X) |
| E97 Prisoner Habeas Corpus | (X) |
| E22 Lottery Assignment, G.L. c. 10, § 28 | (X) |

### AB Abuse/Harassment Prevention

| | |
|---|---|
| E15 Abuse Prevention Petition, G.L. c. 209A | (X) |
| E21 Protection from Harassment, G.L. c. 258E | (X) |

### AA Administrative Civil Actions

| | |
|---|---|
| E02 Appeal from Administrative Agency, G.L. c. 30A | (X) |
| E03 Certiorari Action, G.L. c. 249, § 4 | (X) |
| E05 Confirmation of Arbitration Awards | (X) |
| E06 Mass Antitrust Act, G.L. c. 93, § 9 | (A) |
| E07 Mass Antitrust Act, G.L. c. 93, § 8 | (X) |
| E08 Appointment of a Receiver | (X) |
| E09 Construction Surety Bond, G.L. c. 149, §§ 29, 29A | (A) |
| E10 Summary Process Appeal | (X) |
| E11 Worker's Compensation | (X) |
| E16 Auto Surcharge Appeal | (X) |
| E17 Civil Rights Act, G.L. c.12, § 11H | (X) |
| E24 Appeal from District Court Commitment, G.L. c.123, § 9(b) | (X) |
| E94 Forfeiture, G.L. c. 265, § 56 | (X) |
| E95 Forfeiture, G.L. c. 94C, § 47 | (X) |
| E99 Other Administrative Action | (X) |
| Z01 Medical Malpractice - Tribunal only, G.L. c. 231, § 60B | (F) |
| Z02 Appeal Bond Denial | (X) |

### SO Sex Offender Review

| | |
|---|---|
| E12 SDP Commitment, G.L. c. 123A, § 12 | (X) |
| E14 SDP Petition, G.L. c. 123A, § 9(b) | (X) |

### RC Restricted Civil Actions

| | |
|---|---|
| E19 Sex Offender Registry, G.L. c. 6, § 178M | (X) |
| E27 Minor Seeking Consent, G.L. c.112, § 12S | (X) |

**TRANSFER YOUR SELECTION TO THE FACE SHEET**

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES ☐ NO |

## STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF** — On the face of the Civil Action Cover Sheet (or on attached additional sheets, if necessary), the plaintiff shall state the facts on which the plaintiff relies to determine money damages. A copy of the completed Civil Action Cover Sheet, including the statement concerning damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.**

**DUTY OF THE DEFENDANT** — If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with the defendant's answer a statement specifying the potential damages which may result if the plaintiff prevails.

## A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
## IF THIS COVER SHEET IS NOT FILLED OUT THOROUGHLY AND
## ACCURATELY, THE CASE MAY BE DISMISSED.

| CIVIL TRACKING ORDER<br>(STANDING ORDER 1-88) | DOCKET NUMBER<br>2577CV01101 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

| CASE NAME:<br>Stratos, Lauren vs. SharkNinja Operating, LLC | Thomas H. Driscoll, Jr., Clerk of Courts<br>Essex County |
|---|---|

| TO: File Copy | COURT NAME & ADDRESS<br>Essex County Superior Court - Salem<br>J. Michael Ruane Judicial Center<br>56 Federal Street<br>Salem, MA 01970 |
|---|---|

## TRACKING ORDER - A - Average

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION                                    DEADLINE

|  | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court |  | 01/05/2026 |  |
| Response to the complaint filed (also see MRCP 12) |  | 02/04/2026 |  |
| All motions under MRCP 12, 19, and 20 | 02/04/2026 | 03/06/2026 | 04/06/2026 |
| All motions under MRCP 15 | 12/01/2026 | 12/31/2026 | 12/31/2026 |
| All discovery requests **and depositions** served and non-expert depositions completed | 09/27/2027 |  |  |
| All motions under MRCP 56 | 10/27/2027 | 11/26/2027 |  |
| Final pre-trial conference held and/or firm trial date set |  |  | 03/27/2028 |
| Case shall be resolved and judgment shall issue by |  |  | 10/06/2028 |

**The final pre-trial deadline is <u>not the scheduled date of the conference</u>. You will be notified of that date at a later time.**

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED<br>**10/07/2025** | ASSISTANT CLERK<br>**Jose Mejia** | PHONE<br>**(978)825-4800** |
|---|---|---|

## COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO.: 2577CV01101

LAUREN STRATOS,

*Plaintiff,*

v.

SHARKNINJA OPERATING LLC,

*Defendant.*

## NOTICE OF APPEARANCE

Please enter the appearance of the undersigned as counsel for the Defendant, SharkNinja Operating LLC, in the above-captioned matter. All pleadings, motions, orders, and other papers filed or served in this action should be sent to the undersigned at the address below.

Dated: October 22, 2025

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

*/s/ Emyr T. Remy*
Emyr T. Remy, (BBO# 704156)
One Federal Street, Suite 2620
Boston, MA 02110
Phone.: (617) 531-1411
remy@shb.com

***Counsel for SharkNinja Operating LLC***

## CERTIFICATE OF SERVICE

I, Emyr T. Remy, hereby certify that on October 22, 2025 a true copy of the above document was served by email to all counsel of record.

*/s/ Emyr T. Remy*
Emyr T. Remy

3

## COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.                                    SUPERIOR COURT DEPARTMENT
                                              CIVIL ACTION NO.: 2577CV01101

---

LAUREN STRATOS,

　　　　　*Plaintiff,*

v.

SHARKNINJA OPERATING LLC,

　　　　　*Defendant.*

---

### **SHARKNINJA OPERATING LLC'S ACKNOWLEDGMENT OF SERVICE**

I, Emyr T. Remy, attorney for Defendant SharkNinja Operating LLC ("SharkNinja"), being duly authorized to accept and acknowledge service on SharkNinja's behalf, hereby states that on October 21, 2025, I received a copy of and acknowledged service of the following pleadings/documents in the above-captioned matter:

☒ Plaintiff's Complaint and Demand for Jury Trial;

☒ Civil Action Cover Sheet;

☒ Civil Tracking Order.

This acknowledgment constitutes valid service of process upon SharkNinja pursuant to and in accordance with Mass. R. Civ. P. 4(d)(2). By stipulation, SharkNinja's deadline to respond to Plaintiff's Complaint and Demand for Jury Trial is Monday, December 22, 2025.

Notwithstanding this Acknowledgment of Service, SharkNinja expressly preserves and does not waive any and all defenses, objections, or motions available under Mass. R. Civ. P. 12 or otherwise, including without limitation those based on lack of personal jurisdiction, improper

venue, or failure to state a claim, but excluding only defenses based upon insufficiency of service of process.

Dated:  October 22, 2025

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

*/s/ Emyr T. Remy*
Emyr T. Remy, (BBO# 704156)
One Federal Street, Suite 2620
Boston, MA 02110
Phone.: (617) 531-1411
remy@shb.com

***Counsel for SharkNinja Operating LLC***

## CERTIFICATE OF SERVICE

I, Emyr T. Remy, hereby certify that on October 22, 2025 a true copy of the above document was served by email to all counsel of record.

*/s/ Emyr T. Remy*
Emyr T. Remy

2

Date Filed 10/30/2025 11:08 AM
Superior Court - Essex
Docket Number 2577CV01101    Case 1:25-cv-13461    Document 1-1    Filed 11/19/25    Page 18 of 39

4

COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.                                                    SUPERIOR COURT
                                                             (Salem)

_____
                                )
LAUREN STRATOS,                 )
                                )
              Plaintiff,        )
                                )
v.                              )            CIVIL ACTION
                                )            NO. 2577CV01101
SHARKNINJA OPERATING, LLC,      )
                                )
              Defendant.        )
_____   )

## ASSENTED-TO MOTION FOR
## PRO HAC VICE ADMISSION OF ADAM J. KRESS, ESQ.

Pursuant to Massachusetts General Laws c. 221, § 46A, I, Robert F. Foster, Esq., a member in good standing of the Bar of the Commonwealth of Massachusetts, hereby move for the admission of Adam J. Kress, Esq., a member of the Bar of the State of Minnesota, to this Court for the purpose of representing Plaintiff, Lauren Stratos, in the above-captioned matter, and state as follows:

1.      Adam J. Kress is an attorney with the law firm of Johnson Becker, PLLC in Minnesota. His business address is 444 Cedar Street, Suite 1800, Saint Paul, Minnesota, 55101. His phone number is (612) 436-1800. His e-mail address is akress@johnsonbecker.com. He is presently representing Plaintiff in this action.

2.      Adam J. Kress is a member in good standing of the Bars of every jurisdiction in which he is admitted to practice. There are no disciplinary proceedings pending against him as member of the Bar in any jurisdiction. See the Affidavit of Adam J. Kress, attached hereto as Exhibit A.

3.      Adam J. Kress has extensive experience litigating personal injury and wrongful

death actions and is familiar with, and agrees to abide by, the applicable Massachusetts Laws and

other applicable statutes and rules. *See* Exhibit A.

4.      Adam J. Kress has not filed any motions to appear in Massachusetts State Courts

in the past. *See* Exhibit A.

5.      Adam J. Kress has satisfied the registration fee requirements set forth in SJC Rule

3:15. *See* Registration Statement for Pro Hac Vice Attorneys from the Registration Department of

the Board of Bar Overseers, attached hereto as Exhibit B.

**WHEREFORE**, I, Robert F. Foster, Esq., respectfully request that Adam J. Kress be

admitted to practice before this Court *Pro Hac Vice* for the purpose of representing Plaintiff,

Lauren Stratos, in the above-captioned proceeding.

Respectfully submitted,

The Plaintiff,

By Her Attorneys,

**MEEHAN, BOYLE, BLACK & BOGDANOW, P.C.**

Robert F. Foster, Esq.; MA BBO No. 697532
100 Cambridge Street, Suite 2101
Boston, MA, 02114
(617) 523-8300
rfoster@meehanboyle.com

DATED:        October 30, 2025

*[Signatures Continued on Next Page]*

2

AND (subject to admittance *Pro Hac Vice*)


*/s/Adam J. Kress        /s/Anna R. Rick*
Adam J. Kress, Esq.; MN BAR ID No. 0397289
Anna R. Rick, Esq.; MN BAR ID No. 0401065
**JOHNSON BECKER, PLLC**
444 Cedar Street, Suite 1800
St. Paul, MN 55101
(612) 436-1800
akress@johnsonbecker.com
arick@johnsonbecker.com

*(Counsel to Plaintiff)*


DATED:     October 30, 2025


**ASSENTED TO:**


*/s/Emyr T. Remy*
Emyr T. Remy, Esq.; MA BBO No. 704156
SHOOK, HARDY & BACON, L.L.P.
One Federal Street, Suite 2620
Boston, MA 02110
(617) 531-1411
remy@shb.com

*(Attorneys For Defendant, SHARKNINJA OPERATING, LLC)*


DATED:     October 30, 2025

## **CERTIFICATE OF SERVICE**

I hereby certify that on **October 30, 2025**, a true copy of the above document was served, **Via Email**, upon the following counsel:

> **Emyr T. Remy, Esq.**
> **SHOOK, HARDY & BACON, L.L.P.**
> **One Federal Street, Suite 2620**
> **Boston, MA 02110**
> remy@shb.com
>
> *(Attorneys For Defendant, SHARKNINJA OPERATING, LLC)*

> **Adam J. Kress, Esq.**
> **Anna R. Rick, Esq.**
> **JOHNSON BECKER, PLLC**
> **444 Cedar Street, Suite 1800**
> **St. Paul, MN 55101**
> akress@johnsonbecker.com
> arick@johnsonbecker.com
>
> *(Pending Pro Hac Vice Attorneys for Plaintiff)*

_____
Robert F. Foster

# EXHIBIT A

Plaintiff,                    )
                              )
                              )
v.                            )          CIVIL ACTION
                              )          NO. 2577CV01101
SHARKNINJA OPERATING, LLC,    )
                              )
        Defendant.            )
                              )
_____ )

## AFFIDAVIT OF ADAM J. KRESS

1.    My name is Adam J. Kress. I am over 18 years of age, of sound mind, and capable of making this Affidavit. The facts stated in this Affidavit are within my personal knowledge and are true and correct.

2.    I am an attorney licensed to practice law in the State of Minnesota, and have been admitted to the Bars of the U.S. District Courts for the District of Minnesota, District of Colorado, Western District of Michigan, Western District of Pennsylvania, District of New Mexico, Western District of Wisconsin, Eastern District of Wisconsin, and the U.S. Court of Appeals, Seventh Circuit and the U.S. Court of Appeals, Fifth Circuit.

3.    I am a resident of the State of Minnesota.

4.    I am a practitioner with Johnson Becker, PLLC, located at 444 Cedar Street, Suite 1800, St. Paul, Minnesota, 55101.

5.    I was admitted to practice law in the State of Minnesota on October 19, 2015. My State of Minnesota Registration ID Number is 0397289.

8.    The primary focus of my practice has been products liability, personal injury and wrongful death.

9.    I have not filed any prior motions for approval of *pro hac vice* status in a Massachusetts State Court in the past.

10.    I am familiarizing myself with the applicable laws of the Commonwealth of Massachusetts, and other applicable statutes and rules, and will continue to do so throughout the matter.

11.    If the Court allows the motion for me to appear *pro hac vice* in this matter, I will represent the Plaintiff in this proceeding until the final determination thereof, and with reference to all matters, incidents, or proceedings, I agree that I shall be subject to the orders and to the disciplinary action in the civil jurisdiction of this Court in all respects, as if I were regularly admitted.

SIGNED UNDER THE PENALTIES OF PERJURY THIS ____22nd____ DAY OF ___October___, 2025.

_____
Adam J. Kress, Esq.

KELLIE MARIE PAYNE
Notary Public
State of Minnesota
My Commission Expires
January 31, 2029

2

# EXHIBIT B

# BOARD OF BAR OVERSEERS

### One Beacon Street, 10th Floor, Boston, Massachusetts 02108

## REGISTRATION STATEMENT FOR PRO HAC VICE ATTORNEYS

**ATTORNEY NAME** (First, MI, Last, Suffix): Adam J. Kress

Email Address: akress@johnsonbecker.com

Complete Business/Mailing Address:

444 Cedar Street, Suite 1800

St. Paul, MN 55101

Business Phone Number: (612) 436-1800

RECEIVED

OCT 3 0 2025

Massachusetts Board of Bar Overseers Registration Dept.

| Board of Bar Overseers Administrative Use Only | |
|---|---|
| Date   Received: | 10-30-25 |
| Amount Paid: | $355.00 |
| Date Confirmation Emailed: | 10-30-25 |

Court in which pro hac vice admission is sought:  **Essex County Superior Court**

Contact number for court:  (978) 825-4800

Party to be represented:  Lauren Stratos

Docket number of case (if available):  2577CV01101

Jurisdictions to which you have been admitted:  (Use second page for additional jurisdictions.)

| Type | Jurisdictions | License Numbers |
|---|---|---|
| State | State Bar of Minnesota | 0397289 |
| Federal | United States District Court for the District of Minnesota | 0397289 |
| Federal | United States District Court for the District of Colorado | |

I certify that (check one): ☐ the party I am representing in the case for which I am seeking pro hac vice admission is an indigent client, and I understand that no pro hac vice fee is due, or ☑ I have included the required pro hac vice fee.

Further, I certify, under the pains and penalties of perjury, that I am admitted to practice and in good standing in every jurisdiction where I am admitted, and I acknowledge that I am subject to discipline by the Massachusetts Supreme Judicial Court and the Board of Bar Overseers.  I understand I am limited in my legal practice in Massachusetts to the case identified above.

I certify the information I have supplied the Board of Bar Overseers is true and complete.

_____          10/22/25
Signature          Date
         Adam J. Kress

Page 2

## Jurisdictions continued:

| Type | Jurisdictions | License Number |
|------|---------------|----------------|
| Federal | United States District Court for the Western District of Michigan | |
| Federal | United States District Court for the Western District of Pennsylvania | |
| Federal | United States District Court for the District of New Mexico | |
| Federal | United States District Court for the Western District of Wisconsin | |
| Federal | United States District Court for the Eastern District of Wisconsin | |
| Appellate | United States Court of Appeals, Seventh Circuit | |
| Appellate | United States Court of Appeals, Fifth Circuit | |

**Please mail the completed form to:**

**Board of Bar Overseers, One Beacon Street, 10th Floor
Boston, MA 02108**

Date Filed 10/30/2025 11:08 AM
Superior Court - Essex
Docket Number 2577CV01101    Case 1:25-cv-13461    Document 1-1    Filed 11/19/25    Page 28 of 39

5

COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.                                                    SUPERIOR COURT
                                                             (Salem)

_____
                                          )
LAUREN STRATOS,                           )
                                          )
            Plaintiff,                    )
                                          )
v.                                        )              CIVIL ACTION
                                          )              NO. 2577CV01101
SHARKNINJA OPERATING, LLC,                )
                                          )
            Defendant.                    )
_____         )

## ASSENTED-TO MOTION FOR
## _PRO HAC VICE_ ADMISSION OF ANNA R. RICK, ESQ.

Pursuant to Massachusetts General Laws c. 221, § 46A, I, Robert F. Foster, Esq., a member in good standing of the Bar of the Commonwealth of Massachusetts, hereby move for the admission of Anna R. Rick, Esq., a member of the Bar of the State of Minnesota, to this Court for the purpose of representing Plaintiff, Lauren Stratos, in the above-captioned matter, and state as follows:

1.     Anna R. Rick is an attorney with the law firm of Johnson Becker, PLLC in Minnesota. Her business address is 444 Cedar Street, Suite 1800, Saint Paul, Minnesota, 55101. Her phone number is (612) 436-1800. Her e-mail address is arick@johnsonbecker.com. She is presently representing Plaintiff in this action.

2.     Anna R. Rick is a member in good standing of the Bars of every jurisdiction in which she is admitted to practice. There are no disciplinary proceedings pending against her as member of the Bar in any jurisdiction. See the Affidavit of Anna R. Rick, attached hereto as Exhibit A.

3.      Anna R. Rick has extensive experience litigating personal injury and wrongful death actions and is familiar with, and agrees to abide by, the applicable Massachusetts Laws and other applicable statutes and rules. *See* Exhibit A.

4.      Anna R. Rick has not filed any motions to appear in Massachusetts State Courts in the past. *See* Exhibit A.

5.      Anna R. Rick has satisfied the registration fee requirements set forth in SJC Rule 3:15. *See* Registration Statement for Pro Hac Vice Attorneys from the Registration Department of the Board of Bar Overseers, attached hereto as Exhibit B.

**WHEREFORE**, I, Robert F. Foster, Esq., respectfully request that Anna R. Rick be admitted to practice before this Court *Pro Hac Vice* for the purpose of representing Plaintiff, Lauren Stratos, in the above-captioned proceeding.

Respectfully submitted,

The Plaintiff,

By Her Attorneys,

**MEEHAN, BOYLE, BLACK & BOGDANOW, P.C.**

Robert F. Foster, Esq.; MA BBO No. 697532
100 Cambridge Street, Suite 2101
Boston, MA, 02114
(617) 523-8300
rfoster@meehanboyle.com

DATED:      October 30, 2025

*[Signatures Continued on Next Page]*

AND (subject to admittance *Pro Hac Vice*)


*/s/Adam J. Kress        /s/Anna R. Rick*
Adam J. Kress, Esq.; MN BAR ID No. 0397289
Anna R. Rick, Esq.; MN BAR ID No. 0401065
**JOHNSON BECKER, PLLC**
444 Cedar Street, Suite 1800
St. Paul, MN 55101
(612) 436-1800
akress@johnsonbecker.com
arick@johnsonbecker.com

*(Counsel to Plaintiff)*


DATED:        October 30, 2025


**ASSENTED TO:**


*/s/Emyr T. Remy*
Emyr T. Remy, Esq.; MA BBO No. 704156
SHOOK, HARDY & BACON, L.L.P.
One Federal Street, Suite 2620
Boston, MA 02110
(617) 531-1411
remy@shb.com

*(Attorneys For Defendant, SHARKNINJA OPERATING, LLC)*


DATED:        October 30, 2025

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on **October 30, 2025**, a true copy of the above document was served, **Via Email**, upon the following counsel:

**Emyr T. Remy, Esq.**
**SHOOK, HARDY & BACON, L.L.P.**
**One Federal Street, Suite 2620**
**Boston, MA 02110**
**<u>remy@shb.com</u>**

*(Counsel For Defendant, SHARKNINJA OPERATING, LLC)*


**Adam J. Kress, Esq.**
**Anna R. Rick, Esq.**
**JOHNSON BECKER, PLLC**
**444 Cedar Street, Suite 1800**
**St. Paul, MN 55101**
**<u>akress@johnsonbecker.com</u>**
**<u>arick@johnsonbecker.com</u>**

*(Pending Pro Hac Vice Attorneys for Plaintiff)*


_____
Robert F. Foster

# EXHIBIT A

Plaintiff,                          )
                                    )
v.                                  )          CIVIL ACTION
                                    )          NO. 2577CV01101
SHARKNINJA OPERATING, LLC,          )
                                    )
            Defendant.              )
                                    )
_____)


## AFFIDAVIT OF ANNA R. RICK

1.     My name is Anna R. Rick. I am over 18 years of age, of sound mind, and capable of making this Affidavit. The facts stated in this Affidavit are within my personal knowledge and are true and correct.

2.     I am an attorney licensed to practice law in the State of Minnesota, and have been admitted to the Bars of the U.S. District Courts for the District of Minnesota, Western District of Wisconsin, District of Colorado, District of North Dakota, and the Supreme Court for the State of Minnesota.

3.     I am a resident of the State of Minnesota.

4.     I am a practitioner with Johnson Becker, PLLC, located at 444 Cedar Street, Suite 1800, St. Paul, Minnesota, 55101.

5.     I was admitted to practice law in the State of Minnesota on October 25, 2019. My State of Minnesota Registration ID Number is 0401065.

6.     I am a member in good standing and duly licensed in the State of Minnesota and admitted to practice in each of the courts listed above.

10.    I am familiarizing myself with the applicable laws of the Commonwealth of Massachusetts, and other applicable statutes and rules, and will continue to do so throughout the matter.

11.    If the Court allows the motion for me to appear *pro hac vice* in this matter, I will represent the Plaintiff in this proceeding until the final determination thereof, and with reference to all matters, incidents, or proceedings, I agree that I shall be subject to the orders and to the disciplinary action in the civil jurisdiction of this Court in all respects, as if I were regularly admitted.

SIGNED UNDER THE PENALTIES OF PERJURY THIS _____24th_____ DAY OF ___October___, 2025.

Anna R. Rick, Esq.

2

# EXHIBIT B

# BOARD OF BAR OVERSEERS

### One Beacon Street, 10th Floor, Boston, Massachusetts 02108

## REGISTRATION STATEMENT FOR PRO HAC VICE ATTORNEYS

**ATTORNEY NAME** (First, MI, Last, Suffix): Anna R. Rick

Email Address: arick@johnsonbecker.com

Complete Business/Mailing Address:

444 Cedar Street, Suite 1800

St. Paul, MN 55101

Business Phone Number: (612) 436-1800

RECEIVED

OCT 3 0 2025

Massachusetts Board of Bar Overseers Registration Dept.

| Board of Bar Overseers Administrative Use Only | |
|---|---|
| Date   Received: | 10-30-25 |
| Amount Paid: | $355.00 |
| Date Confirmation Emailed: | 10-30-25 |

Court in which pro hac vice admission is sought:   Essex County Superior Court

Contact number for court:  (978) 825-4800

Party to be represented:   Lauren Stratos

Docket number of case (if available):  2577CV01101

Jurisdictions to which you have been admitted:  (Use second page for additional jurisdictions.)

| Type | Jurisdictions | License Numbers |
|---|---|---|
| State | State Bar of Minnesota | 0401065 |
| Federal | United States District Court for the District of Minnesota | 0401065 |
| Federal | United States District Court for the District of Wisconsin | |

I certify that (check one): ☐ the party I am representing in the case for which I am seeking pro hac vice admission is an indigent client, and I understand that no pro hac vice fee is due, or ☑ I have included the required pro hac vice fee.

Further, I certify, under the pains and penalties of perjury, that I am admitted to practice and in good standing in every jurisdiction where I am admitted, and I acknowledge that I am subject to discipline by the Massachusetts Supreme Judicial Court and the Board of Bar Overseers.  I understand I am limited in my legal practice in Massachusetts to the case identified above.

I certify the information I have supplied the Board of Bar Overseers is true and complete.

Signature   Anna R. Rick                Date  10/24/25

Page 2

## Jurisdictions continued:

| Type | Jurisdictions | License Number |
|------|---------------|----------------|
| Federal | United States District Court for the District of Colorado | |
| Federal | United States District Court for the District of North Dakota | |
| Supreme | Supreme Court for the State of Minnesota | 0401065 |
| | | |
| | | |
| | | |

**Please mail the completed form to:**

**Board of Bar Overseers, One Beacon Street, 10th Floor
Boston, MA 02108**

Date Filed 10/30/2025 11:08 AM Case 1:25-cv-13461     Document 1-1     Filed 11/19/25     Page 38 of 39
Superior Court - Essex
Docket Number 2577CV01101

4

COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.                                                    SUPERIOR COURT
                                                             (Salem)

LAUREN STRATOS,                          )
                                         )
                    Plaintiff,           )
                                         )
v.                                       )          CIVIL ACTION
                                         )          NO. 2577CV01101 **A**
SHARKNINJA OPERATING, LLC,               )
                                         )
                    Defendant.           )
                                         )

## ASSENTED-TO MOTION FOR
## PRO HAC VICE ADMISSION OF ADAM J. KRESS, ESQ.

Pursuant to Massachusetts General Laws c. 221, § 46A, I, Robert F. Foster, Esq., a member in good standing of the Bar of the Commonwealth of Massachusetts, hereby move for the admission of Adam J. Kress, Esq., a member of the Bar of the State of Minnesota, to this Court for the purpose of representing Plaintiff, Lauren Stratos, in the above-captioned matter, and state as follows:

1.      Adam J. Kress is an attorney with the law firm of Johnson Becker, PLLC in Minnesota. His business address is 444 Cedar Street, Suite 1800, Saint Paul, Minnesota, 55101. His phone number is (612) 436-1800. His e-mail address is akress@johnsonbecker.com. He is presently representing Plaintiff in this action.

2.      Adam J. Kress is a member in good standing of the Bars of every jurisdiction in which he is admitted to practice. There are no disciplinary proceedings pending against him as member of the Bar in any jurisdiction. See the Affidavit of Adam J. Kress, attached hereto as Exhibit A.

Date Filed 10/30/2025 11:08 AM Case 1:25-cv-13461    Document 1-1    Filed 11/19/25    Page 39 of 39
Superior Court - Essex
Docket Number 2577CV01101

5

COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.                                                    SUPERIOR COURT
                                                             (Salem)

LAUREN STRATOS,                      )
                                     )
                 Plaintiff,          )
                                     )
v.                                   )                CIVIL ACTION
                                     )                NO. 2577CV01101 *A*
SHARKNINJA OPERATING, LLC,           )
                                     )
                 Defendant.          )
                                     )

## ASSENTED-TO MOTION FOR
## *PRO HAC VICE* ADMISSION OF ANNA R. RICK, ESQ.

Pursuant to Massachusetts General Laws c. 221, § 46A, I, Robert F. Foster, Esq., a member

in good standing of the Bar of the Commonwealth of Massachusetts, hereby move for the

admission of Anna R. Rick, Esq., a member of the Bar of the State of Minnesota, to this Court for

the purpose of representing Plaintiff, Lauren Stratos, in the above-captioned matter, and state as

follows:

      1.     Anna R. Rick is an attorney with the law firm of Johnson Becker, PLLC in

Minnesota. Her business address is 444 Cedar Street, Suite 1800, Saint Paul, Minnesota, 55101.

Her phone number is (612) 436-1800. Her e-mail address is arick@johnsonbecker.com. She is

presently representing Plaintiff in this action.

      2.     Anna R. Rick is a member in good standing of the Bars of every jurisdiction in

which she is admitted to practice. There are no disciplinary proceedings pending against her as

member of the Bar in any jurisdiction. See the Affidavit of Anna R. Rick, attached hereto as

Exhibit A.